# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

May 17, 2006

Robert C. Heinemann, Clerk
130 United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1818

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
Rec'd 5/18/06
* MAY 19 2006 *
BROOKLYN OFFICE

Re: MDL-1596 -- In re Zyprexa Products Liability Litigation

(See Attached Schedule of CTO-49)

Dear Mr. Heinemann:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on May 1, 2006. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By: Mecca S. Carter
Deputy Clerk

Attachment

cc: Transferee Judge:   Judge Jack B. Weinstein
    Transferor Judges:  (See Attached List of Judges)
    Transferor Clerk:   Richard W. Wieking

JPML Form 36

DOCKET NO. 1596

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-49)

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 548 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of New York and assigned to Judge Weinstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the order of April 14, 2004, 314 F.Supp.2d 1380 (J.P.M.L. 2004), and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of New York. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

MAY 17 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION